■ BURTON S. MARKOWITZ et al., Appellants, v AGWAY PETROLEUM COMPANY, Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court in favor of defendant, entered January 23, 1986 in Tompkins County, upon a verdict rendered at Trial Term (Bryant, J.).

Plaintiffs commenced this action to recover money damages resulting from a fire in their home on September 29, 1980. The complaint alleged that the fire was caused by defendant's negligence in the installation of a "stack master" damper in plaintiffs' oil furnace vent pipe located in the basement of their home. The fire began in a storage and furnace room in the basement. Plaintiffs sought to prove that the fire was caused by the collapse of the vent pipe due to the failure of defendant's serviceman to secure sections of the vent pipe with screws after the installation of the damper. There was evidence, however, that the fire started in other areas of the furnace room. The case was tried on a bifurcated basis and this appeal by plaintiffs is from an adverse jury verdict on the liability portion.

Plaintiffs argue that the trial court improperly allowed defendant's serviceman to read from portions of a photocopy of one side of the work order on which he made certain notations related to the work after he did the job. Plaintiffs

claim that the original document should have been produced, that the witness was improperly allowed to read from the document and that the court's comments in overruling plaintiffs' objection prejudiced their case. We disagree. The trial court did not abuse its discretion in allowing the witness to continue to testify and the court's comments do not require reversal. The judgment should be affirmed.

First of all, the initial use of the document was proper to refresh the witness's recollection. After reading it and stating that it did refresh his recollection, the witness, when asked what type of water heater was used by plaintiffs, responded "L.P. Gas". Thus, the testimony that plaintiffs claim was most damaging was properly admitted without objection. The witness's testimony describing what was found on top of the furnace was also admissible under the same rule since the witness said that the document did refresh his memory as to those items. Further, the testimony concerning the items described and the condition of the furnace all related to a time nine months before the fire occurred and, thus, were remote in time and could not have been determinative of the issues before the jury.

We reject plaintiffs' claim that certain comments relating to what the trial court referred to as "technical objections" and getting to "the truth in this case" amounted to prejudicial error. The portion of the testimony that this related to was too remote in time to be material on the issues to be determined and the testimony could properly be ruled admissible as past recollection recorded (see, People v Raja, 77 AD2d 322, 325-327).

We have examined plaintiffs' other contentions of reversible error and find them to be without merit.

Judgment affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.